United States District Court
for the
Eastern District of New York

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST | ) ) ) ) ) | |
| | ) | Civil Action No.   18-cv-3956 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| BARBARA COLLAZO INDIVIDUALLY AND AS SURVIVING SPOUSE OF WENCESLOA COLLAZO AKA WENCESLAO COLLAZO, BANK OF AMERICA, N.A. | ) ) ) ) ) | |
| | ) | |
| Defendant(s) | ) | |

Plaintiff, by its attorneys Gross Polowy, LLC, for its complaint against the Defendants allege as follows:

## INTRODUCTION

1.     This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a Mortgage encumbering 218 8th Street, Hicksville, NY 11801, together with the land, buildings, and other improvements located on the Property ("Property").  The legal description of the Property is attached as Schedule A.

## PARTIES

2.     Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, in its capacity as Trustee of Pretium Mortgage Acquisition Trust, is a Federal savings bank and its home office is located at 500 Delaware Avenue, Wilmington, DE 19801. Wilmington Savings Fund Society, FSB d/b/a Christiana Trust is empowered to hold, manage, and dispose of assets of the Pretium Mortgage Acquisition Trust and to prosecute legal actions on behalf of the Pretium Mortgage Acquisition Trust, including this mortgage foreclosure action. Wilmington Savings Fund Society, FSB d/b/a Christiana Trust has legal title to and manages the assets of the Pretium Mortgage Acquisition Trust, and controls the litigation on behalf of the Pretium Mortgage Acquisition Trust.

3.    Plaintiff is the owner and holder of the subject Note and Mortgage or has been delegated authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage. Attached here as Schedule B is a copy of the original note.

4.    Defendant Barbara Collazo is a citizen of New York, and the owner of the Property.

5.    Defendant Bank of America, N.A. is a national banking association with its main office located at 100 North Tryon Street, Charlotte, NC 28255, and the holder of a lien encumbering the Property, named as a party Defendant herein to extinguish said lien as set forth in Plaintiff's Second cause of action.

6.    The Defendants claim an interest or lien encumbering the Property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's Mortgage.  The interest or lien of each defendant is attached as Schedule C.


## STATEMENT OF JURISDICTION

7.    Federal subject matter jurisdiction exists pursuant to 28 USC §1332 because complete diversity exists among the Plaintiff and the Defendants and the amount in controversy, without interest and costs, exceeds the $75,000.00.


## VENUE

8.    Venue is proper pursuant to 28 USC §1391 because the Property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.


## FACTUAL BACKGROUND

9.    On or about April 29, 2006, Barbara Collazo and Wencesloa Collazo AKA Wenceslao Collazo (who died on May 18, 2014, a resident of the county of Nassau, State of New York) executed and delivered a Note whereby Barbara Collazo and Wencesloa Collazo AKA Wenceslao Collazo promised to pay the sum of $263,000.00 plus interest on the unpaid amount due.

10.    As security for the payment of the Note Barbara Collazo and Wencesloa Collazo AKA Wenceslao Collazo (who died on May 18, 2014, a resident of the county of Nassau, State of New York) duly executed and delivered a Mortgage, in the amount of $263,000.00 which was recorded as follows.

Recording Date: February 8, 2007
Book 31528/Page 705
Nassau County Clerk

11.     The Mortgage was subsequently assigned to OneWest Bank, FSB.

12.     The Mortgage was subsequently assigned to Ocwen Loan Servicing, LLC.

13.     The Mortgage was subsequently assigned to Federal National Mortgage Association.

14.     The terms of the Note and Mortgage were modified by a Loan Modification Agreement executed by Barbara Collazo on December 12, 2015 and taxes will be paid on the modified amount.

15.     The Mortgage was subsequently assigned to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust.

### AS AND FOR A FIRST CAUSE OF ACTION,
### PLAINTIFF HEREIN ALLEGES:

16.     Barbara Collazo failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on July 1, 2016 and subsequent payments.

17.     There is now due and owing on the Note and Mortgage the following amounts:

Principal Balance: $238,325.65
Interest Rate: 7.5%
Date Interest Accrues from: June 1, 2016

together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure.

18.     In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges.  Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

19.     Plaintiff has complied with the notice provision of the Mortgage and RPAPL Section 1304 and filed the information required by RPAPL Section 1306. The Mortgage was originated in compliance with all provisions of Section 595-a of the New York Banking Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-l or 6-m of the Banking Law.

20.     No action was brought to recover any part of the Mortgage debt or if any such action is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff to discontinue it.

## AS AND FOR A SECOND CAUSE OF ACTION,
## PLAINTIFF HEREIN ALLEGES:

21.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs "1" through 11, as though fully set forth herein.

22.     Upon information and belief, all the defendants herein have or may claim to have an interest in or lien upon the mortgaged premises which is prior to or adverse to Plaintiff's mortgage, or was paid, equitably subrogated, or subordinated to Plaintiff's mortgage.  The reason for naming said defendants is set forth in Schedule "C and/or D" that is attached to this complaint.

23.     It appears from the public records that Bank of America, N.A. holds a lien which is adverse to the Plaintiff's interest and which remains open of record as follows:


Nassau County Clerk has a lien on its records held by Bank of America, N.A. which appears to be prior and adverse to the Mortgage being foreclosed:

Recording date: January 31, 2007
Book: 31493/Page: 912
County: Nassau

24.     The interest of Plaintiff in the property is set forth in paragraphs "1" and "2", above.

25.     Upon information and belief, all of the defendants are known, and none of them are infants, mentally retarded, mentally ill or alcohol abusers.

26.     Upon information and belief, there are no persons not in being or ascertained at the commencement of this action who by any contingency contained in a devise or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved in this action, and any judgment rendered herein will not and may not affect any such person not in being or not ascertained at the time of the commencement of this action.

27.     The lien of Defendant Bank of America, N.A. appears to be prior and adverse to the Mortgage being foreclosed and is/are subject to being extinguished as they pertain to the subject property pursuant to Article 15 of the Real Property Actions and Proceedings Law.

28.     Plaintiff hereby requests that the Judgment of Foreclosure and Sale state the following:

ORDERED, ADJUDGED AND DECREED, that the lien which appears to be prior and adverse to the Mortgage being foreclosed, namely the lien of Defendant Bank of America, N.A., is/are hereby extinguished as they pertain to the subject property pursuant to RPAPL Article 15;

and it is further

ORDERED, ADJUDGED AND DECREED, that all Defendants and all persons or entities claiming by, through or under them, be and are hereby forever barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises; and it is further

ORDERED, ADJUDGED AND DECREED, that the record be reformed to reflect that the lien of Defendant Bank of America, N.A. is/are extinguished as they pertain to the subject property;

ORDERED, ADJUDGED AND DECREED, that the Nassau County Clerk upon the payment of its requisite fees, shall record and index a certified copy of this Order/Judgment in the same manner as the lien being extinguished;

**WHEREFORE, PLAINTIFF DEMANDS**:

a. Judgment accelerating the maturity of the debt and determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;

b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with to RPAPL Article 13;

c. The interest of the defendants and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;

d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13;

e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;

f. Plaintiff may purchase the Property at the sale;

g. A receiver be appointed for the Property, if requested by Plaintiff;

h. If the Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;

i. That Bank of America, N.A. interest in the mortgaged premises, and all persons or entities claiming by, through or under them, be extinguished as it pertains to the subject property, and that Bank of America, N.A. and all persons or entities claiming by, through or under them, be barred and foreclosed of and from all right, claim, lien, interest or equity or redemption in and to said mortgaged premises and that the Plaintiff be granted reformation of the record to reflect said lien being extinguished;

j. Awarding the relief requested in the SECOND cause of action stated in this complaint; and

k. That the Court award Plaintiff additional relief that is just, equitable and proper.

Dated: May 31, 2018
      Westbury, New York

By:
/SJV/
Stephen J. Vargas, Esq.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 412
Westbury, NY 11590
Tel.: (716) 204-1700

## <u>Schedule A - Legal Description</u>

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Hicksville (not an incorporated village), in the Town of Oyster Bay, County of Nassau and State of New York, and more particularly known and designated as parts of Lots 14 and 18 and all of Lot 16 on the North side of Eighth Street on a certain map entitled, "Map of South Brookville Lots in the Town of Oyster Bay of South Hicksville Depot" and filed in the Queens County Clerk's Office March 8, 1854 as Map No. 658 and subsequently filed in the Nassau County Clerk's Office as Map No. 171, New No. 1494, and more particularly bounded and described as follows:

BEGINNING at a point on the Northerly side of Eighth Street, distant 462 feet Westerly from the corner formed by the intersection of the Westerly side of Jerusalem Avenue with the Northerly side of Eighth Street;

RUNNING THENCE Westerly and along the Northerly side of Eighth Street, 50 feet;

THENCE Northerly and at right angles to the Northerly side of Eighth Street, 99.75 feet;

THENCE Easterly and parallel with the Northerly side of Eighth Street, 50 feet;

THENCE Southerly and again at right angles to the Northerly side of Eighth Street, 99.75 feet to the Northerly side thereof, the point or place of BEGINNING.

## Schedule B

Attached here as Schedule B is a copy of the original note. If applicable, certain non-public personal information has been redacted from the attached document.

# NOTE

April 29th, 2006
[Date]

ROCHESTER, NY
·[City]                                    [State]

218 8TH STREET, HICKSVILLE, NEW YORK 11801
[Property Address]

ORIGINAL

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 263,000.00    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Superior Home Mortgage
. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    7.500  %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the    1st    day of each month beginning on    June 1st,
2006    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on    May 1st,   2036    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at    854 South White Horse Pike Suite 4, Hammonton, NJ
08037           or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,838.94 .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me.· If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of Fifteen
calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be
2.00    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
BARBARA COLLAZO                -Borrower

_____ (Seal)
WENCESLOA COLLAZO              -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

PAY TO THE ORDER OF_____
WITHOUT RECOURSE

_____ (Seal)
SUPERIOR HOME MORTGAGE         -Borrower

EVELYN ORTIZ
SENIOR POST CLOSER

_____ (Seal)
                               -Borrower

[Sign Original Only]

## **Schedule C-Defendants**

Barbara Collazo                                  Borrower

Bank of America, N.A.                            Holder of a mortgage.
                                                 Named as a party Defendant herein to
                                                 extinguish said Defendant's lien, as Plaintiff
                                                 believes Defendant has been paid in full and
                                                 that the lien of the Plaintiff is superior.